**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PAMELA WRIGHT,

                Plaintiff,

v.                                      Case No.: 3:25-cv-349-WWB-MCR

UNITED STATES OF AMERICA,

                Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 12) and Plaintiff's Verified Response (Doc. 15).  For the reasons set forth herein, the Motion will be taken under advisement pending jurisdictional discovery and supplemental briefing.

## I.    BACKGROUND

On April 3, 2023, Plaintiff, Pamela Wright, was driving her vehicle in Duval County, Florida when her vehicle was struck by a United States Postal Service ("**USPS**") driver. (Doc. 1, ¶¶ 5, 7–8).  Plaintiff alleges that as a result she suffered bodily injury and related damages and property damage.  (*Id.* ¶¶ 12–13).  As a result, Plaintiff filed a one count complaint against the United States pursuant to the Federal Tort Claims Act ("**FTCA**"). (*See generally id.*).

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the claims against it for "lack of subject-matter jurisdiction."  "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'"  *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997)

(quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).  "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).  "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

## III.    DISCUSSION

The United States argues that this case must be dismissed for failure to exhaust administrative remedies.  "It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." *Dotson v. United States*, 30 F.4th 1259, 1264 (11th Cir. 2022) (quotation omitted).  The FTCA is a limited exception to sovereign immunity for tort claims against the United States, provided claimants properly comply with certain procedural requirements.  *Id.*  As relevant to this case, one such requirement is as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  An individual satisfies the notice requirements of § 2675(a) if he or she presents the agency with "minimal notice" that "(1) gives the agency written notice of

2

his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980).[1]  "Before instituting a federal suit, the claimant must wait either until the administrative agency finally denies the claim or until at least six months have passed after the claim was filed." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).  "Because '[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies,' the district court lacks subject matter jurisdiction over prematurely filed suits." *Id.* (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Here, the parties do not dispute that Plaintiff submitted an SF-95 that gave sufficient notice of her claims.  (*See generally* Doc. 12-1).  Instead, the parties dispute when that notice was received by the agency, thus starting the six-month clock.  The Form presented by the United States is stamped "received" on October 4, 2024.  (*Id.* at 1).  As such, any claim filed before April 4, 2025, would be premature.  Plaintiff filed this case on April 1, 2025.  In response, Plaintiff argues that she first submitted her SF-95 and demand package to USPS by e-mail on October 1, 2024, making her claim timely.  (Doc. 15 at 1, 4).

"A claim is deemed to be presented 'when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the accident." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted all opinions of the former Fifth Circuit rendered prior to October 1, 1981, as precedent.

3

(11th Cir. 2002) (quoting 28 C.F.R. § 14.2); *see also Bello v. United States*, 757 F. App'x 819, 821 (11th Cir. 2018) ("A claim is deemed presented when the appropriate agency receives from the claimant a Standard Form 95 or other written notification of the alleged tortious incident."). Therefore, to succeed in establishing jurisdiction for her claims, Plaintiff must show that USPS received the SF-95 that was sent via e-mail on October 1, 2024.

Plaintiff attached the e-mail that was sent on October 1, 2024, to her Response. The e-mail is addressed to leslie.l.peden@usps.gov and purports to attach a "demand package" with respect to Plaintiff's claim, although the Court notes that the attachment or any evidence thereof is not included in the document presented to the Court. (Doc. 15 at 4). In the body of the Response, Plaintiff states that an SF-95 was included in the demand package, (*id.* at 1), but Plaintiff does not provide any explanation as to who Leslie Peden is and does not provide any evidence as to the contents of the attachments to the e-mail. Additionally, aside from a phone call from a USPS employee to Plaintiff's counsel two days later requesting that the demand be made by fax or mail, Plaintiff has not presented any evidence that USPS received the e-mail on October 1, 2024. (*Id.*).

In *Barnett*, the Eleventh Circuit held that evidence of actual receipt by the agency is not necessary to establish proper exhaustion. 283 F.3d at 1239–40. Rather, if the plaintiff can establish that her "completed SF95: (1) [ ] was properly addressed; (2) [ ] was stamped; and (3) [ ] was mailed," then a presumption of receipt by the agency arises. *Id.* at 1240 (quotation omitted). "Although the Eleventh Circuit has not explicitly addressed whether this rebuttable presumption applies to emails properly addressed, courts in this Circuit have 'see[n] no reason why the same presumption of delivery would not be

4

applicable.'" *Gary v. Ga. Dep't of Def.*, No. 1:23-CV-3008, 2025 WL 2023010, at *7 (N.D. Ga. July 16, 2025) (quoting *Abdullah v. Am. Express Co.*, No. 3:12-cv-1037-J, 2012 WL 6867675, at *5 (M.D. Fla. Dec. 19, 2012)) (collecting cases); *see also Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005).  Nevertheless, Plaintiff has failed to meet the first prong of the test, because she fails to explain who Leslie Peden is or why that was the proper address for notifying USPS of her claim.  Thus, Plaintiff has failed to present evidence that the e-mail was "properly addressed" such that it would raise a rebuttable presumption of receipt.  *Cf. Hernandez v. United States*, 771 F. Supp. 3d 1306, 1319–20 (S.D. Fla. 2025).

Moreover, even if the Court can infer receipt of the e-mail—either based on proper mailing or on the subsequent call from the USPS—this would not be sufficient to establish jurisdiction in this case.  Instead, Plaintiff must also show by a preponderance of the evidence that USPS received the e-mail on the day it was sent.  "[T]he Court does not understand the binding precedent in this Circuit to support a bright line rule that email notice is always deemed received on the day it was transmitted."  *Dowdell-McElhaney v. Glob. Payments, Inc.*, No. 4:20-CV-289, 2021 WL 5413971, at *6 (M.D. Ga. Apr. 8, 2021).  Because it is unclear who the recipient of the original e-mail is and the only evidence of actual receipt by USPS came two days later, Plaintiff has also not presented any evidence that her claim was received by USPS on October 1, 2024.  Absent such evidence that the e-mail was properly addressed and received on October 1, 2024, the Court finds that Plaintiff has fallen short of establishing jurisdiction by a preponderance of the evidence in this case.

In the alternative, Plaintiff requests jurisdictional discovery regarding receipt of the e-mail. Specifically, Plaintiff seeks either the deposition of Kimberly A. Herbst, manager of the Tort Program and Adjudication with the USPS, (*see* Doc. 12-2), or a denial of receipt. (Doc. 15 at 2). "[F]ederal courts should order limited jurisdictional discovery where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014); *see also Swafford v. United States*, No. 4:12-CV-220, 2013 WL 12207597, at *2 (N.D. Ga. Feb. 4, 2013). If Plaintiff can produce evidence that the e-mail was properly addressed and received on October 1, 2024, she can establish jurisdiction over her claim. Such evidence should be relatively easy to discover if it exists and Plaintiff has sufficiently specified the information she seeks and the proposed sources of such information. Therefore, the Court finds that the grant of limited jurisdictional discovery is proper prior to the resolution of Defendant's Motion on the merits. Plaintiff will be granted thirty days to conduct such discovery, and the parties will be permitted to file supplemental briefing, not to exceed seven pages, within fourteen days thereafter.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's request for limited jurisdictional discovery is **GRANTED**. Plaintiff is granted leave to conduct limited jurisdictional discovery for a period of **thirty days** from the date of this Order. Within **fourteen days** of the close of the limited jurisdictional discovery period, Plaintiff shall file supplemental briefing, not to exceed seven pages, regarding the October 1, 2024 e-mail. Defendant shall have **seven days** to respond to the supplemental briefing.

**DONE AND ORDERED** in Jacksonville, Florida on March 24, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record